FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 06, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TERRY L.,[1] <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | No. 4:22-CV-00206-SAB <br><br> **ORDER REVERSING DECISION OF COMMISSIONER** |

    Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying his application for social security benefits. Plaintiff is represented by Chad L. Hatfield. The Commissioner is represented by Thomas Chandler and Brian M. Donovan. Pending before the Court are Plaintiff's Opening Brief, ECF No. 11, the Commissioner's Brief, ECF No. 14, and Plaintiff's Reply Brief, ECF No. 15.

    After reviewing the administrative record, briefs filed by the parties, and applicable case law, the Court is fully informed. For the reasons set forth below, the Court reverses the Commissioner's decision.

---

[1] Pursuant to the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Plaintiff's name is partially redacted.

**ORDER REVERSING DECISION OF COMMISSIONER** ~1

## I. Jurisdiction

On November 3, 2014, Plaintiff filed an application for Title II disability insurance benefits and a Title XVI application for supplemental security income with the onset date of June 1, 2014. Plaintiff's application was denied initially and on reconsideration in 2015. He appealed that decision to the Eastern District of Washington. The Court denied Plaintiff's Motion for Summary Judgment and granted Defendant's Motion for Summary Judgment. The Ninth Circuit reversed and remanded the case. It held the ALJ prejudicially erred by assigning little weight to the opinions of Dr. Woolever and Dr. Henderson and by failing to consider the opinion of Dr. Palasi. *Terry L. v. Saul*, 4:18-CV-05134-SAB, ECF No. 25. It remanded the proceedings with instructions that the ALJ should reconsider the opinion of Dr. Palasi, reevaluate whether Dr. Woolever's and Dr. Henderson's opinion should be assigned greater weight, and reconsider whether Plaintiff's testimony and his wife's function reports should be credited in light of the re-examination of the medical opinion evidence.

On May 19, 2022, a telephonic hearing was held. Plaintiff appeared and testified before an ALJ, with the assistance of his counsel. Tom Olson, vocational expert also participated. On July 13, 2022, the ALJ found that Plaintiff was not disabled on July 13, 2022.

Plaintiff filed a timely appeal on September 20, 2022. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II. Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not

**ORDER REVERSING DECISION OF COMMISSIONER** ~2

only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. *See* 20 C.F.R. § 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

**Step One**: Is the claimant engaged in substantial gainful activities? *Id.* § 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. *Id.* § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? *Id.* § 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* § 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before proceeding to the fourth step, the ALJ must first determine the claimant's residual functional capacity (RFC). An individual's residual functional

**ORDER REVERSING DECISION OF COMMISSIONER ~3**

capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. *Id.* § 404.1545(a)(1), 416.945(a)(1). The RFC is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? *Id.* § 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. *Id.* § 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? *Id.* § 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III. Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.

**ORDER REVERSING DECISION OF COMMISSIONER ~4**

*Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

## IV. Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized here.

At the time of the hearing, Plaintiff was fifty-one. He did not graduate from high school. He reports that he has difficulty with reading and doing math. He stopped working in 2014 due to heart problems. Plaintiff had prior work as a truck driver. He underwent a heart cauterization and later had two stents inserted. Plaintiff has a history of Legg-Perthes disease of the right hip, which resulted in numerous surgeries, and hip reconstruction, with progressive pain symptoms and increasing difficulty with ambulation. He had a stroke in 2020 and back surgery in 2021. He is on oxygen at night. He experiences arm pain as well as numbness and weakness in his arms and hands.

At the hearing, Plaintiff testified that for a while he was living in his motorhome and was living in a campground for free. He had to move his motorhome every two weeks to be able to stay for free. He completed minor

**ORDER REVERSING DECISION OF COMMISSIONER ~5**

repairs on his motorhome. He has to recline with his feet elevated for several hours during the day due to the pain.

### V. The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 1106-1122. At step one, the ALJ found that Plaintiff met the insured status requirements of the SSA through March 31, 2019 and had not engaged in substantial gainful activity since June 1, 2014, the alleged onset date. AR 1109.

At step two, the ALJ identified the following severe impairments: sleep apnea; chronic obstructive pulmonary disease (COPD); substance abuse; degenerative disc disease of the lumbar and cervical spine; mild right hip dysplasia, status-post replacement; coronary artery disease; diabetes; ischemic stroke; L1 burst fracture, status-post surgery.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 1111.

At step four, the ALJ concluded that Plaintiff has an RFC to perform:

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can lift/carry 20 pounds occasionally and 10 pounds frequently; stand/walk six hours in an eight-hour workday; sit six hours in an eight-hour workday; needs a sit/stand option defined as alternating from sitting to standing or vice versa approximately every 30 minutes or so for five minutes at a time while remaining at the workstation (this is an approximation, sit/stand at will is acceptable); no ladders, ropes or scaffolds; rare (defined as no more than 15% of the workday) ramps and stairs, stooping, crouching, kneeling and crawling; frequent overhead reaching; frequent handling and fingering bilaterally; avoid all exposure to extreme cold, extreme heat, wetness/humidity, pulmonary irritants, and hazards such as moving or dangerous machinery or unprotected heights; no more than occasional exposure to chemicals; due to limited education, needs simple, routine, repetitive work with reasoning level or 1 or 2.

AR 1113.

**ORDER REVERSING DECISION OF COMMISSIONER ~6**

At step five, the ALJ found that Plaintiff was not capable of performing past relevant work. AR 1120.

The ALJ found there were other jobs that existed in significant numbers in the national economy that Plaintiff could also perform in the national economy, specifically routing clerk; marking clerk; and office helper. AR 1121. The ALJ also found that even if Plaintiff was limited to sedentary work, he could still perform the jobs of addresser, final assembler, and stuff. AR 1121. Consequently, the ALJ found that Plaintiff was not disabled. AR 1122.

## VI. Issues

1. Whether the ALJ properly evaluated the medical opinion evidence.
2. Whether the ALJ properly evaluated Plaintiff's subjective complaints.
3. Whether the ALJ met its Step Five burden.

## VII. Discussion

### A. Evaluation of the Medical Opinions

Plaintiff argues the ALJ improperly evaluated the medical opinion evidence of three providers: (1) Dr. Woolever; (2) Dr. Palasi; and (3) Dr. Henderson.

Plaintiff filed his application for social security benefits prior to March 27. 2017. Therefore, under the rules implemented during that time, the Social Security Administration favored the opinion of a treating physician over non-treating physicians. Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007) (citation omitted). If a treating physician's opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record, it will be given controlling weight. *Id.* (quotation omitted). If a treating physician's opinion is not given "controlling weight" because it is not "well-supported" or because it is inconsistent with other substantial evidence in the record, the Administration considers specified factors in determining the weight it will be given. Those factors include the length of the

**ORDER REVERSING DECISION OF COMMISSIONER ~7**

treatment relationship, the frequency of examination by the treating physician and the nature and extent of the treatment relationship between the patient and the treating physician. *Id*. (citation omitted).

Generally, the opinions of examining physicians are afforded more weight than those of non-examining physicians, and the opinions of examining non-treating physicians are afforded less weight than those of treating physicians. *Id.* (citation omitted). Additional factors relevant to evaluating any medical opinion, not limited to the opinion of the treating physician, include the amount of relevant evidence that supports the opinion and the quality of the explanation provided; the consistency of the medical opinion with the record as a whole; the specialty of the physician providing the opinion; and other factors such as the degree of understanding a physician has of the Administration's disability programs and their evidentiary requirements and the degree of his or her familiarity with other information in the case record. *Id.* (citation omitted).

### a. Dr. David Woolever, M.D.

Dr. Woolever, Lanning's primary-care physician, reported that Lanning was severely limited by coronary artery disease, chronic obstructive pulmonary disease (COPD), and hip pain and was therefore unable to perform even sedentary work for 99 months.

The ALJ gave Dr. Woolever's opinion little weigh for the following reasons: (1) it was a check-box form with no meaningful explanation; (2) Dr. Woolever started treating Plaintiff the same day he completed the assessment; (3) chart notes were based on subjective reports and not objective evidence; (4) the examination was largely unremarkable; (5) his opinion was inconsistent with the assessments of the DDS physicians; and (6) his opinion was inconsistent with the largely benign examination findings in the record.

The ALJ erred in evaluating Dr. Woolever's opinion because the proffered reasons are not supported by substantial evidence in the record. Moreover, Dr.

**ORDER REVERSING DECISION OF COMMISSIONER** ~8

Woolever's opinion is consistent with the record, which indicates that Plaintiff would be unable to sit and stand in a work environment.

### b.  Dr. Myrna Palasi, M.D.

Dr. Palasi completed a DSHS Review of Medical Evidence on May 28, 2015. She concluded that Plaintiff was disabled and unable to meet the demands of sedentary employment for a duration of 99 months due to coronary artery disease, COPD, hip pain, and multiple hip surgeries. Two year later, she concluded that he was disabled and unable to meet the demands of sedentary employment due to osteochondrosis of the hip and pelvis, status post arthroplasty, coronary artery disease and COPD.

The ALJ assigned little weight to Dr. Palasi's opinion. This was in error. The ALJ's evaluation of Dr. Palasi's opinion is not supported by substantial evidence in the record. The longitudinal record indicates that Plaintiff's condition progressively became worse and declined from May 2015 to May 2017 as reflected in Dr. Palasi's opinion.

### c.  Dr. Richard Henderson, M.D.

Dr. Henderson, Plaintiff's treating orthopedic surgeon, reported that Plaintiff was severely limited by his total hip replacement and was unable to perform even sedentary work for three months.

The ALJ rejected Dr. Henderson's report, disagreeing with the Ninth Circuit's conclusion that Dr. Henderson's report along with the evidence in the record, suggest a period of greater than 12 months, before and after surgery, in which Plaintiff was disabled. This was in error, as explained by the Ninth Circuit.

### B.     Plaintiff's Subjective Complaints

Plaintiff argues the ALJ erred in discounting Plaintiff's subjective symptoms.

In determining whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ engages in a two-step analysis. *Garrison v. Colvin*,

**ORDER REVERSING DECISION OF COMMISSIONER** ~9

759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (citation and quotation omitted). If the claimant satisfies the first step of the analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of their symptoms "only by offering specific, clear and convincing reasons for doing so." *Id*. (citation and quotation omitted). "This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." *Id.* (citation and quotation omitted). That said, if the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

The ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's testimony. Instead, the ALJ merely provided vague assertions that Plaintiff's allegations were inconsistent with the record. Moreover, contrary to the ALJ's conclusions, the activities performed by Plaintiff and described to his doctors, on disability forms, and at the hearing, were consistent with his claimed conditions and the objective medical evidence. There is no evidence in the record to suggest any inconsistencies between Plaintiff's modest daily activities and his symptom testimony. He testified that he experiences shortness of breath, difficulty ambulating, the need for a cane, the need to frequently elevate his legs and frequent episodes of syncope while performing his daily activities, which impedes his ability to perform full-time work.

The ALJ failed to articulate clear and convincing reasons for discounting Plaintiff's symptoms and credibility, and, thus, the ALJ's conclusions are unsupported by substantial evidence, based on the record as a whole.

C. **Step Five Burden**

Plaintiff contends the ALJ failed to meet their step five burden, which

**ORDER REVERSING DECISION OF COMMISSIONER** ~10

requires that the ALJ demonstrate Plaintiff can perform work that exists in significant numbers in the national economy.

The ALJ failed to demonstrate Plaintiff can perform work that exists in significant numbers in the national economy. The ALJ's RFC is not supported by substantial evidence, because it fails to take into consideration the medical opinion evidence and Plaintiff's testimony. Specifically, the ALJ erred by not considering that Plaintiff must recline occasionally during the workday, limited to occasional handling and fingering with the right dominant arm, or leaving early from work or arriving late to work more than three times. When presented with a conservative hypothetical of these symptoms, the VE testified that there is no opportunity in competitive employment for a worker with these limitations. For these reasons, the ALJ did not meet its step five burden.

**VIII. Conclusion**

The ALJ erred in failing to properly weigh and consider the medical opinion evidence and Plaintiff's testimony. The ALJ's RFC assessment does not account for the full extent of Plaintiff's functional limitation and cannot support the ALJ's disability determination. If the ALJ incorporated these limitations in Plaintiff's RFC, the ALJ would be required to find Plaintiff on remand. *See Harman v. Apfel*, 211 F.3d 1172, 1178–79 (9th Cir. 2000). Since it is clear from the record Plaintiff is unable to perform gainful employment and no additional proceedings are necessary, remand for an award of benefits is necessary. *See Benecke v. Barnhart*, 379 F.3d 587, 596 (9th Cir. 2004).

//
//
//
//
//
//

**ORDER REVERSING DECISION OF COMMISSIONER** ~11

Accordingly, **IT IS HEREBY ORDERED:**

1. For docket purposes, Plaintiff's Opening Brief, ECF No. 11, and Reply Brief, ECF No. 15, are **GRANTED**.

2. For docket purposes, the Commissioner's Response Brief, ECF No. 14, is **DENIED**.

3. The decision of the Commissioner is **REVERSED** and **REMANDED** for an immediate award of benefits.

4. Judgment shall be entered in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 6th day of June 2023.



Stanley A. Bastian
Chief United States District Judge

**ORDER REVERSING DECISION OF COMMISSIONER** ~12